David A. Anguiano (SBN 327472)
520 9th Street, Suite 200
Sacramento, CA 95814
Email: david@anguianolaw.com
Phone: 916-668-9890
Fax: 209-501-4001

Samantha Ting (SBN 321996)
900 G Street, Suite 200
Sacramento, CA 95814
Email: sting@stinglaw.com
Phone: 916-573-5773

Attorneys for Plaintiff,
L.B.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| L.B., a minor, by and through his Guardian, DESIREE ROWDEN,<br>Plaintiff(s),<br><br>vs.<br><br>CITY OF ANDERSON; CITY OF ANDERSON POLICE DEPARTMENT; OFFICERS DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI; OLIVER COLLINS; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. Unreasonable Search and Seizure<br>2. Detention and Arrest (U.S. Const. Amend. IV; 42 U.S.C. § 1983)<br>3. Unreasonable Search and Seizure<br>4. Excessive Force (42 U.S.C. § 1983)<br>5. Failure to Intervene (42 U.S.C. § 1983)<br>6. Municipal Liability (*Monell*) (42 U.S.C. § 1983)<br>7. Excessive Force (Cal. Const. Art. I § 13)<br>8. False Arrest/False Imprisonment<br>9. Battery/Assault<br>10. Negligence<br>11. Negligent Infliction of Emotional Distress<br>12. Intentional Infliction of Emotional Distress<br>13. Violation of Tom Bane Civil Rights Act<br>14. Excessive Force (Cal. Civil Code § 52.1)<br><br>**DEMAND FOR JURY TRIAL** |

**INTRODUCTION**

1. This civil rights action arises from the unlawful detention and excessive force used against fourteen-year-old L.B. by Anderson, California police officers.

2. On May 13, 2025, officers employed by the City of Anderson tackled, slammed, and forcibly restrained a 95-pound child who had not committed a crime and posed no threat to officers or anyone else.

3. The officers' conduct caused serious injuries to the child, including a traumatic brain injury.

4. This action seeks damages for violations of Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and California law.

**PARTIES**

5. At all relevant times, Plaintiff L.B. ("L.B") is and was an individual residing in the County of Shasta, California.

6. Plaintiff L.B. is a minor individual residing in the County of Shasta, California, and is the natural born son to his guardian, Desiree Rowden. L.B. sues by and through his natural mother and guardian, Desiree Rowden for general, special, and punitive damages under federal and state law.

7. At all relevant times, Defendant CITY OF ANDERSON ("CITY") is and was a municipal entity, organized and existing under the laws of the State of California. At all relevant times, CITY was the employer of Defendants DAVID STARKEY (A228), KYLE CARPENTER (A236), TYLER KNIGHT (242), BRANDON SMITH (203), DAVID HEYNE (224), SCOTT BAILEY (201), CHRISTOPHER CHIMENTI (206), OLIVER COLLINS (101), and DOES 1-10, who were CITY police officers, CITY police officers' supervisorial officers, and managerial, supervisorial and policymaking employees of the CITY Police Department. Defendant CITY is responsible for the policies, customs, and practices of the CITY Police Department. CITY is liable for constitutional violations caused by its policies, customs, practices, ratification, and failures to train or supervise. Defendant CITY is sued for municipal liability pursuant to *Monell v. Dep't of Soc. Servs.* (1978) 436 U.S. 658 (*Monell*).

8. At all relevant times, Defendant CITY OF ANDERSON POLICE DEPARTMENT ("DEPARTMENT") is and was a public entity, organized and existing under the laws of the State of

California. At all relevant times, DEPARTMENT was the employer of Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI (206), CHIEF OLIVER COLLINS, and DOES 1-10, who were DEPARTMENT police officers, police officers' supervisorial officers, and managerial, supervisorial and policymaking employees of DEPARTMENT. Defendant DEPARTMENT is responsible for the policies, customs, and practices of its officers. DEPARTMENT is liable for constitutional violations caused by its policies, customs, practices, ratification, and failures to train or supervise. Defendant DEPARTMENT is sued for municipal liability pursuant to *Monell v. Dep't of Soc. Servs.* (1978) 436 U.S. 658.

9. On information and belief, at all relevant times, DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10 were residents of the County of Shasta, California.

10. At all relevant times, Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10 were sworn police officers employed by DEPARTMENT and duly authorized employees and agents of CITY, who were acting under color of law within the course and scope of their respective duties as police officers and with the complete authority and ratification of Defendants CITY and DEPARTMENT. Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10 are sued in their individual capacity for damages.

11. At all relevant times, Defendants DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10 were duly appointed officers and/or employees or agents of CITY, subject to oversight and supervision by CITY's elected and non-elected officials.

12. In doing the acts and failing and omitting to act as hereinafter described, Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10 were acting

on the implied and actual permission and consent of CITY.

13. Defendant OLIVER COLLINS was, at all relevant times, a law enforcement officer and the Chief of Police for CITY and DEPARTMENT, acting within the scope of employment and under color of state law. Defendant OLIVER COLLINS was the final policymaker regarding discipline, training, supervision, and law-enforcement practices. Defendant OLIVER COLLINS is sued in his individual capacity for damages.

14. Defendants DOES 1–10 are additional officers or supervisors whose identities are presently unknown to Plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the incident, unlawful conduct, injuries, and damages alleged herein, by personally participating in the unlawful conduct, or acting jointly or conspiring with others to act, by authorizing or allowing, explicitly or implicitly, the policies, plans, customs, practices, actions or omissions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct, by failing or refusing to initiate and maintain adequate training or supervision, thereby constituting deliberate indifference to Plaintiff's rights, and/or by ratifying the unlawful conduct that occurred by agents and officers under their direction and control, including failing to take remedial or disciplinary action.

15. Plaintiff is informed and believes that at all times mentioned herein, defendants, and each of them, were the agents, employees, servants, joint venturers, partners, aiders, abettors, and/or co-conspirators of each and every other defendant named in this complaint and that at all times, each of the defendants were acting within the course and scope of said relationship with other defendants.

## JURISDICTION AND VENUE

16. This civil action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. § 1983, 1985, 1986, 1988, and the Fourth and Fourteenth Amendments of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

17. This Court has jurisdiction to hear the federal civil rights violations in this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1343(a)(3)-(4) and supplemental jurisdiction to hear the common law claims under 28 U.S.C. § 1367.

18. This Court has original jurisdiction of the federal claims under 28 U.S.C. § 1331 (in that they arise under the United States Constitution) and § 1343(a)(3) (in that the action is brought to address deprivations, under color of state authority, of rights, privileges, and immunities secured by the United States Constitution). This Court has supplemental jurisdiction of the state claims under 28 U.S.C. § 1367.

19. Venue is proper in the United States District Court for the Eastern District of California pursuant to 28 U.S.C. § 1391(b) because Defendants are located and/or reside in the Eastern District of California, and because all incidents, events, and occurrences giving rise to this action occurred in the County of Shasta, California, in the Eastern District of California.

## GOVERNMENT CLAIM COMPLIANCE

20. On September 15, 2025, the CITY was given timely notice of the claims alleged in this case, pursuant to California Government Code section 910, et seq. by letter to City of Anderson on September 15, 2025 (Claim No. 4A2509JN0NK-0001).

21. On September 24, 2025, CITY rejected Plaintiffs' claims for damages by operation of law, pursuant to California Government Code section 911.6.

22. On November 18. 2025, CITY and DEPARTMENT issued its findings as to whether there was: 1) Excessive Force – Alleged violation of Policy 300 (Use of Force); 2) False Arrest – Alleged violation of 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law); and 3) Failure to Intervene – Alleged violation under PC 832.7, as follows:

a. As to Claim 1, Excessive Force, CITY found the claim to be Unfounded;

b. As to Claim 2, False Arrest, CITY found the claim to be Unfounded; and

c. As to claim 3, Failure to Intervene, CITY Exonerated Defendants Officer Klein, Officer Carpenter, and Sergeant Smith.

23. Plaintiff has complied with the California Government Claims Act.

## FACTUAL ALLEGATIONS

**A. The May 13, 2025 Incident**

24. Plaintiffs reallege each and every allegation in paragraphs 1 through 23 of this Complaint with the same force and effect as if fully set forth herein.

25. On or about May 13, 2025, Anderson Middle School officials reported to the DEPARTMENT that a group of minors were fighting in the area of Church and Ferry streets in Anderson, California.

26. The physical fight involved only two minors. Plaintiff L.B. was not involved in the fight.

27. Defendant officers contacted several minor students approximately a half mile away, in the area of Volonte Park in Anderson, California.

28. As officers interviewed the minors, who were detained and seated on the ground, three other minors, one of whom was L.B., came within view of the officers.

29. L.B. walked in a direction opposite to the officers.

30. Defendant DAVID STARKEY pursued L.B. on a police motorcycle with lights activated.

31. Defendant KYLE CARPENTER pursued L.B. in a fully marked police SUV vehicle with lights and sirens activated.

32. Defendant DAVID STARKEY sped through Volonte Park on his police motorcycle to get closer to L.B., who was moving on foot.

33. Defendant KYLE CARPENTER simultaneously pursued L.B. in a police vehicle through Volonte Park.

34. Defendant DAVID STARKEY dismounted from his police motorcycle, ran and tackled fourteen-year-old L.B. to the ground.

35. L.B. had stopped running and was facing Defendant DAVID STARKEY when Defendant DAVID STARKEY tackled him to the ground.

36. After tackling L.B., Defendant DAVID STARKEY grabbed L.B. with both hands and slammed L.B. repeatedly to the ground.

37. As Defendant DAVID STARKEY was violently slamming L.B. on the ground, L.B. was facing away from Defendant DAVID STARKEY.

38. L.B. was not violent or resisting, and repeated pled for Defendant DAVID STARKEY to "Stop, Stop Dude, Stop!"

39. Concerned citizens began to video record the incident. At no point did Defendant DAVID STARKEY give L.B. any verbal lawful or unlawful command.

40. Defendants KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE,

SCOTT BAILEY, CHRISTOPHER CHIMENTI, were all present on scene and failed to intervene to prevent Defendant DAVID STARKEY from slamming L.B. repeatedly into the ground.

41. Defendant KYLE CARPENTER exited his police vehicle and ran toward L.B. and Defendant DAVID STARKEY.

42. Defendant KYLE CARPENTER then physically assisted Defendant DAVID STARKEY in assaulting, restraining, and handcuffing L.B., who was face down on the ground.

43. As a result of being repeatedly slammed to the ground by Defendant DAVID STARKEY and physically restrained by Defendants DAVID STARKEY and KYLE CARPENTER, L.B. suffered serious injuries including lacerations and bruises throughout his body, including his arms, shoulders, and head.

44. Defendants' physical assaults also caused L.B. to suffer a concussion and traumatic brain bleeding.

45. At the time of the incident, L.B. was unarmed, fourteen years of age, 5'1" tall, and weighed 95 lbs.

46. At the time of the incident, the involved officers had not observed L.B. commit any crime, had no information that L.B. had committed any crime, was armed with a weapon, had physically injured anyone, or was involved in the fight.

**B. Public Statements Regarding the Incident**

47. Defendants CITY, DEPARTMENT, DOE 1-10, and OLIVER COLLINS required their personnel to create a press release and narrative of the incident which portrayed L.B. negatively and the officers favorably, and which suggested the unjustified use of force was justified.

48. On May 14, 2025, Anderson Police Department published a description of the incident on Facebook, found at: https://www.facebook.com/AndersonPoliceDept/posts/on-05132025-at-approximately-322pm-an-anderson-middle-school-official-contacted-/1114049617431677/.

49. The publication included false, misleading, and irrelevant information. For example:

a. The publication falsely stated: "Officers chased one of the juveniles…Once stopped, the officer attempted to use a control hold on the juvenile's arm but the juvenile pulled away and attempted to flee again. The Officer ultimately got the juvenile on the ground

and restrained him there. The juvenile continued to violently resist and try to escape the grasp of the officer."

b. The publication was misleading and contained irrelevant information in an attempt to portray the incident as involving violent mobs of minors: "[T]he majority of the group were verbally confrontational and cursing at officers… [A] secondary group of three juveniles began approaching the officers… One juvenile took an aggressive stance in the middle of the road and two juveniles fled upon approach of the officers."

50. On May 20, 2025, a concerned citizen's video of the assault was published by a local new station, which showed the excessive force used by Officer DAVID STARKEY, found at: < https://www.youtube.com/watch?v=cZUargSBNI8>.

**C. Prior Incidents and Municipal Notice**

51. On March 26, 2017, Defendant DAVID STARKEY, while employed as a police officer with the CITY and DEPARTMENT, discharged his firearm during a fatal officer-involved shooting, killing Edward Parinella at a motel in Anderson, California.

52. At the time of the incident, Defendant DAVID STARKEY had been employed by DEPARTMENT for approximately nine months.

53. On information and belief, Defendants CITY and DEPARTMENT were aware of the circumstances surrounding the March 26, 2017, shooting involving Defendant DAVID STARKEY and other officers.

54. Despite this notice, Defendants CITY and DEPARTMENT failed to implement adequate discipline, supervision, retraining, or corrective measures to prevent similar uses of force by Defendant DAVID STARKEY.

55. On January 1, 2024, in Anderson, California, Defendant DAVID STARKEY while employed as a police officer for CITY and DEPARTMENT, detained Sophranna Noonkester, an adult resident of Shasta County, without probable cause and used force during the detention that caused significant bruising.

56. On May 31, 2024, Sophranna Noonkester submitted a Government Claim to the City of Anderson describing the incident and alleging unlawful detention and excessive force by Starkey.

The citizen alleged that Defendant DAVID STARKEY unlawfully detained and assaulted her by forcibly grabbing and detaining her without probable cause and applying excessive physical force causing injuries.

57. Defendant CITY erroneously rejected the May 31, 2024 claim as untimely.

58. On information and belief, Defendants CITY and DEPARTMENT failed to implement adequate discipline, supervision, retraining, or corrective measures to prevent similar uses of force by Defendant DAVID STARKEY as a result of the January 1, 2024 incident and related claim.

59. On April 19, 2025, Defendant DAVID STARKEY, while employed as a police officer with CITY and DEPARTMENT, detained Dan Ramelli, an adult resident of Shasta County, without probable cause outside Mr. Ramelli's residence.

60. During the encounter, Defendant DAVID STARKEY ordered Ramelli off his motorcycle, placed him in handcuffs, and conducted a search of his person despite the absence of lawful grounds for detention or arrest. Additional CITY and DEPARTMENT officers arrived at the scene during the incident.

61. On information and belief, Defendants CITY and DEPARTMENT were aware of the circumstances surrounding this incident and the alleged violations of Mr. Ramelli's civil rights.

62. Despite this notice, Defendants CITY and DEPARTMENT failed to impose meaningful discipline, supervision, or retraining of Defendant DAVID STARKEY.

**D. Internal Affairs Ratification of the Incident**

63. Following the May 13, 2025, incident involving Plaintiff, Plaintiff's guardian filed a citizen complaint alleging excessive force, false arrest, and failure to intervene.

64. Defendant CITY allegedly conducted an Internal Affairs investigation.

65. In a written determination signed by Defendant OLIVER COLLINS, Defendants CITY and DEPARTMENT concluded: 1) the force used against Plaintiff was reasonable, proportional, and necessary; 2) probable cause existed to detain Plaintiff; 3) no officer violated Plaintiff's constitutional rights; and 4) no officer had a duty to intervene.

66. These findings formally approved the officers' conduct.

**E. Policy Omissions and Training Deficiencies**

67. Defendant OLIVER COLLINS, acting as Police Chief, was a final policy-making authority for Defendants CITY and DEPARTMENT as it relates to the training, supervision, and discipline of personnel under his command. Anderson Police Department, available at: < https://andersonpolice.org/about/>.

68. DEPARTMENT'S written policy manual contains no policy governing the detention of minors or the use of force against minors.

69. DEPARTMENT'S policy manual contains no policy addressing the risks associated with prone restraint during physical control of subjects.

70. DEPARTMENT'S policy manual contains no policy addressing the duty to intervene to prevent or mitigate the violation of a citizens' constitutional rights by another officer.

71. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS' policies and training relating to "Arrest and Control (PSP)" authorize use of a "Confined Space Control Hold Technique," including instructing "Officer moves into a kneeling prone position on the suspect's back" while the subject "lie[s] in a prone position." <https://andersonpolice.org/wp-content/uploads/2025/01/Anderson-Police-Department-Policy-Manual-Updated-01-10-25.pdf>.

72. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of an informal policy or custom of inaction and poor training, including:

a. Permitting officers to apply pressure on a subject in order to apply handcuffs, without regard to the subject's age, size, maturity, and capacity to understand and comply with commands;

b. Failing sufficiently to adopt policies and procedures which prevent or minimize the risk of traumatic brain trauma; and

c. Failing sufficiently to train officers against the dangers of traumatic brain trauma for minor subjects.

73. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS failed to promulgate specific policies and customs and to adequately train officers under their command in the

use of force against juveniles, as required by the California Commission on Peace Officer Standards and Training (California POST), including Learning Domain 20, *Use of Force/De-escalation (V6.0)*, and California POST Use of Force Standards & Guidelines, which expressly require law enforcement agencies to develop policies and training addressing encounters with *vulnerable populations*, including children and juveniles.

74. CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS failed to properly train officers in critical areas necessary to ensure constitutionally reasonable interactions with minors, including, but not limited to:

a. Recognizing that juveniles differ from adults in emotional development, impulse control, judgment, and perception of authority;
b. Assessing objective reasonableness by accounting for a juvenile's age, size, maturity, and capacity to understand and comply with commands;
c. Employing de-escalation techniques appropriate for juveniles prior to the use of force, whenever feasible;
d. Communicating with juveniles using age-appropriate language, tone, and body posture designed to reduce fear and confusion;
e. Avoiding tactics that unnecessarily escalate encounters with juveniles, including rapid physical force absent an immediate threat;
f. Recognizing that juvenile non-compliance may stem from fear, immaturity, or misunderstanding rather than willful resistance; and
g. Using the least intrusive means reasonably available to control juvenile encounters consistent with officer safety and constitutional standards.

75. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of a culture permitting or encouraging personnel's use of unreasonable and excessive force, including:

a. Application of excessive and unreasonable use-of-force against non-threatening persons;
b. Providing inadequate training with respect to the use-of-force;

c. Employing and retaining and inadequately supervising, training, controlling, assigning, and disciplining personnel with dangerous propensities for abusing authority;

d. Maintaining inadequate procedures for reporting, supervising, investigating, reviewing, disciplining, and controlling misconduct by personnel;

e. Failing adequately to discipline personnel, including imposing discipline that is disproportional to the magnitude of the misconduct and fails to discourage future misconduct or is tantamount to encouraging misconduct;

f. Refusing to discipline, terminate, or retrain personnel, where uses-of-force are non-compliant with policy or unlawful;

g. Encouraging, accommodating, or facilitating a "blue code of silence," "blue shield," "blue wall," "blue curtain," "blue veil," "blue line," or "code of silence," pursuant to which personnel do not report errors, misconduct, or crimes and, if questioned about an incident of misconduct involving another officer, claim ignorance of misconduct;

h. Failing to maintain a policy addressing the duty to intervene to prevent or mitigate the violation of a citizens' constitutional rights by another officer; and

i. Maintaining a policy of inaction and an attitude of indifference towards ongoing law enforcement use of force incidents, including by failing to discipline, retrain, investigate, terminate, and recommend personnel for criminal prosecution who participate in unlawful uses of force.

76. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS were aware of numerous incidents of their personnel's excessive and unreasonable uses-of-force, including those incidents identified above, but repeatedly refused or failed to take appropriate corrective action, including discipline, re-training, and/or implementation of changes to policies or procedures.

77. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS expressly and impliedly condoned their personnel's excessive and unreasonable uses-of-force, including by turning a blind eye to the abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold

personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity.

78. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS' policies and customs, including the insufficient training, supervision, or control of their personnel, was a moving force behind and contributed to the use of unreasonable and excessive force against L.B.

## COMPLAINT FOR DAMAGES

79. Plaintiff L.B., a minor, by and through his Guardian, DESIREE ROWDEN, for his complaint against Defendants CITY OF ANDERSON, CITY OF ANDERSON POLICE DEPARTMENT, and OFFICERS DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10, inclusive, hereby complains and alleges as follows:

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Detention and Arrest

### (U.S. Const. Amend IV; 42 U.S.C. § 1983)

80. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated herein, to the extent relevant and as if fully set forth in this Claim.

81. Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1-10 lacked reasonable suspicion to stop and frisk, detain, or arrest Plaintiff L.B.

82. L.B. was detained without reasonable suspicion by Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1-10, and arrested without probable cause.

83. The acts of Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1-10 violated the Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, applied to state actors by the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

84. As a result of their conduct, Defendants DAVID STARKEY, KYLE CARPENTER and DOES 1-10 are liable for L.B.'s injuries because they were integral participants to the violations of L.B.'s rights.

85. Defendants CITY, DEPARTMENT, DOES 1-10 and OLIVER COLLINS maintained policies or customs of action and inaction resulting in harm to L.B., in violation of the Fourth Amendment,

as incorporated through the Fourteenth Amendment, to the U.S. Constitution.

86. Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

87. L.B. was injured as a direct and proximate result of Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10.

88. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

## SECOND CLAIM FOR RELIEF

### Unreasonable Search and Seizure—Excessive Force

### (U.S. Const. Amend IV; 42 U.S.C. § 1983)

89. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated herein, to the extent relevant and as if fully set forth in this Claim.

90. Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1-10 used unreasonable and excessive force against L.B. and violated the Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, as incorporated through the Fourteenth Amendment, to the U.S. Constitution, enforceable through 42 U.S.C. § 1983.

91. As a result of their conduct, Defendants DAVID STARKEY, KYLE CARPENTER and DOES 1-10 are liable for L.B.'s injuries because they were integral participants to the violations of L.B.'s rights.

92. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 maintained policies or customs of action and inaction resulting in harm to L.B., in violation of the Fourth Amendment, as incorporated through the Fourteenth Amendment, to the U.S. Constitution.

93. Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions were motivated by evil motive or intent, involved

reckless or callous indifference to rights, or were wantonly or oppressively done.

94. L.B. was injured as a direct and proximate result of Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10.

95. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

**THIRD CLAIM FOR RELIEF**

**Failure to Intervene**

**(42 U.S.C. § 1983)**

96. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated herein, to the extent relevant and as if fully set forth in this Claim.

97. Defendants KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, and DOES 1-10 observed Defendant DAVID STARKEY detain and arrest L.B. without reasonable suspicion or probable cause, and detain and arrest L.B. using objectively unreasonable and excessive force, both in violation of the Plaintiff L.B.'s right to be free of an unreasonable seizure under the Fourth Amendment to the U.S. Constitution, enforceable pursuant to 42 U.S.C. § 1983.

98. Defendants KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, and DOES 1-10 failed to intervene and prevent Defendant DAVID STARKEY from violating Plaintiff L.B.'s Fourth Amendment rights to be free of an unreasonable seizure and excessive force, although each had a reasonable opportunity to do so.

99. Defendants KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, and DOES 1-10 actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

100. The acts and omissions of Defendants KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, and DOES 1-10

violated the Plaintiff's rights under the due process clause of the Fourteenth Amendment, enforceable through 42 U.S.C. § 1983.

101. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 maintained policies or customs of action and inaction resulting in harm to L.B., in violation of the Fourth Amendment, as incorporated through the Fourteenth Amendment, to the U.S. Constitution.

102. Defendants CITY, DEPARTMENT, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

103. L.B. was injured as a direct and proximate result of Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants CITY, DEPARTMENT, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1-10.

104. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

## FOURTH CLAIM FOR RELIEF

**Municipal Liability (*Monell*)**

**(42 U.S.C. § 1983)**

105. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated herein, to the extent relevant and as if fully set forth in this Claim.

**A. Pattern of Misconduct/Failure to Supervise and Discipline**

106. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 had notice that Defendant DAVID STARKEY had been accused on multiple occasions of unlawful detentions and excessive force.

107. CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 failed to impose meaningful

discipline, retraining, or supervision following prior complaints against Defendant DAVID STARKEY.

108. Despite these complaints, CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 permitted Defendant DAVID STARKEY to continue patrol duties without corrective discipline.

**B. Failure to Adopt Necessary Policies and Training**

109. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 failed to adopt policies and adequately train their officers, including, but not limited to, Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI with regards to:

a. The use of excessive force;
b. Lawful detentions and arrests;
c. The duty to intervene to prevent or mitigate the violation of a citizens' constitutional rights by another officer;
d. Interactions with, and the detention and use of force against, minor subjects;
e. The risks associated with prone restraint during physical control of subjects; and
f. Prevention and/or minimization of the risk of traumatic brain trauma.

110. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10's policies specifically authorize unsafe control and detention techniques, such as an officer in a kneeling prone position on a subject's back while the subject lies in a prone position.

111. These inadequate training policies existed prior to the date of this incident and continue to the present day.

112. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS knowingly participated in, acquiesced to, and/or were deliberately indifferent to the creation and maintenance of adequate policies, training, customs, culture, and practices permitting or encouraging personnel's use of unreasonable and excessive force.

113. The policies, training, culture, customs, and practices in place, and the absence of necessary policies and training, created a substantial risk that officers would apply force techniques without regard to a subject's age, size, or vulnerability, thereby causing serious physical injury and harm to

such subjects.

**C. Ratification**

114. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS expressly and impliedly condoned their personnel's excessive and unreasonable uses of force, including by turning a blind eye to abuses, ignoring or refusing to investigate complaints of personnel's misconduct, acquiescing in and implicitly condoning the misconduct by perpetuating a culture of impunity, failing meaningfully to discipline, re-train, or otherwise penalize personnel's misconduct, failing to hold personnel accountable for violations of law or policies, and creating or fostering an environment where subordinates believed they could act with impunity.

115. After reviewing Plaintiff's complaint, Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS formally approved the defendant-officers' conduct and concluded that their actions complied with departmental policy.

116. By approving the basis and reasoning for the defendant-officers' actions, Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS ratified the constitutional violations.

**D. Moving Force**

117. Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS' policies, departmental culture, customs, and ratification, including the insufficient training, discipline, supervision, or control of their personnel, was a moving force behind, and contributed to, the use of unreasonable and excessive force against L.B., and the violations of L.B.'s rights.

118. The above-described policies, customs, culture, and/or practices were the direct, proximate cause the violation of L.B.'s Fourth and Fourteenth Amendment rights, enforceable through 42 U.S.C. § 1983.

119. By reason of the aforementioned policies and practices of Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS, L.B. was severely injured and subjected to pain and suffering.

120. Accordingly, Defendants CITY, DEPARTMENT, DOES 1-10, and OLIVER COLLINS, are each liable to L.B. for compensatory damages under 42 U.S.C. § 1983.

121. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

**<u>FIFTH CLAIM FOR RELIEF</u>**

**Excessive Force**

**(Cal. Const. Art. I § 13)**

122. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

123. Defendants DAVID STARKEY and KYLE CARPENTER used unreasonable and excessive force against L.B. and violated Plaintiff's right to be free from an unreasonable seizure in violation of the Fourth Amendment, as incorporated through, and in violation of, the California Constitution, Article I § 13.

124. As a result of their conduct, Defendants DAVID STARKEY and KYLE CARPENTER are liable for L.B.'s injuries because they were integral participants to the violations of L.B.'s rights.

125. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 maintained policies or customs of action and inaction resulting in harm to L.B., in violation of the California Constitution, Article I § 13.

126. Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions were motivated by evil motive or intent, involved reckless or callous indifference to rights, or were wantonly or oppressively done.

127. L.B. was injured as a direct and proximate result of Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10.

128. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

**<u>SIXTH CLAIM FOR RELIEF</u>**

**False Arrest/False Imprisonment**

**(Cal. Govt. Code § 820 and California Common Law)**

129. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the

extent relevant and as if fully set forth in this Claim.

130. Defendants DAVID STARKEY and KYLE CARPENTER detained and arrested L.B. without reasonable suspicion or probable cause.

131. The aforesaid acts of DAVID STARKEY and KYLE CARPENTER were taken within the scope of their employment by CITY and DEPARTMENT.

132. The unlawful acts of DAVID STARKEY and KYLE CARPENTER were the direct, proximate cause of L.B.'s injuries.

133. Defendants DAVID STARKEY and KYLE CARPENTER, while working as police officers for CITY, and acting within the course and scope of their duties, intentionally deprived L.B. of his freedom of movement by use of force, threats of force and unreasonable duress when Defendants DAVID STARKEY and KYLE CARPENTER tackled, repeatedly slammed to the ground, and used excessive force to restrain L.B. Defendants DAVID STARKEY and KYLE CARPENTER intentionally used excessive force on L.B. in order to detain him.

134. Defendants DAVID STARKEY and KYLE CARPENTER detained L.B. without reasonable suspicion. DAVID STARKEY and KYLE CARPENTER arrested L.B. without probable cause.

135. L.B. did not knowingly or voluntarily consent to his detention or attempted arrest. On information and belief, L.B. did not feel that he was free to leave as he was tackled by Defendant DAVID STARKEY and restrained on the ground by Defendants DAVID STARKEY and KYLE CARPENTER.

136. By using excessive force upon L.B., Defendants DAVID STARKEY and KYLE CARPENTER, deprived L.B., who was unarmed and a minor, of his liberty without justification.

137. Defendants DAVID STARKEY and KYLE CARPENTER did not have any information amounting to reasonable suspicion or probable cause to believe that L.B. had committed any crime.

138. The conduct against L.B. by Defendants DAVID STARKEY and KYLE CARPENTER, by tackling, slamming to the ground repeatedly, and using excessive force to restrain and arrest L.B., was a substantial factor in causing the harm of L.B., including a concussion and traumatic brain injury.

139. CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 are vicariously liable for the

wrongful acts of Defendants DAVID STARKEY and KYLE CARPENTER, through the principles of *respondeat superior* and pursuant to section 815.2 (a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of employment if the employee's act would subject him or her to liability.

140. The conduct of Defendants DAVID STARKEY, KYLE CARPENTER OLIVER COLLINS, and DOES 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of L.B., entitling Plaintiff to an award for exemplary and punitive damages.

141. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

**SEVENTH CLAIM FOR RELIEF**

**Battery / Assault**

**(Cal. Govt. Code § 820 and California Common Law)**

142. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

143. By his words and acts, DAVID STARKEY and KYLE CARPENTER, threatened to do bodily harm to Plaintiff L.B.

144. Defendants DAVID STARKEY and KYLE CARPENTER tackled, repeatedly slammed to the ground, and used excessive force to restrain and arrest L.B.

145. As a result of the actions of Defendants DAVID STARKEY and KYLE CARPENTER tackling, repeatedly slamming to the ground, and using excessive force to restrain L.B., L.B. suffered severe mental and physical pain and suffering, and loss of enjoyment of life.

146. Defendants DAVID STARKEY and KYLE CARPENTER had no legal justification for using force against L.B. and said Defendants' use of force while carrying out their officer duties was an unreasonable use of force, especially since L.B. was an unarmed minor whose conduct did not amount to commission of any crime, probable cause, or reasonable suspicion of any offense.

147. By using excessive and unreasonable force, DAVID STARKEY and KYLE CARPENTER caused harmful or offensive bodily contact with L.B.

148. As a direct and proximate result of Defendants' conduct as alleged above, L.B. suffered extreme and severe mental anguish and bodily injury.

149. The conduct of Defendants DAVID STARKEY and KYLE CARPENTER was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff L.B., entitling L.B. to an award of exemplary and punitive damages.

150. The conduct of Defendants DAVID STARKEY and KYLE CARPENTER was unprivileged.

151. The conduct of Defendants DAVID STARKEY and KYLE CARPENTER were taken within the scope of their employment by the CITY and DEPARTMENT.

152. CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 are vicariously liable, through the principles of *respondeat superior* and pursuant to California Government Code section 815.2 (a), for injuries proximately caused by the acts and omissions of employees acting within the scope of employment, including Defendants DAVID STARKEY and KYLE CARPENTER.

153. Defendants DAVID STARKEY and KYLE CARPENTER's actions and inactions constituted oppression, fraud, and/or malice resulting in great harm.

154. L.B. was injured as a direct and proximate result of Defendants DAVID STARKEY and KYLE CARPENTER's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants DAVID STARKEY, KYLE CARPENTER, CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10.

155. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

**EIGHT CLAIM FOR RELIEF**

**Negligence**

**(Cal. Govt. Code § 820 and California Common Law)**

156. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

157. Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, CHIEF OLIVER COLLINS, and DOES 1–10 owed Plaintiff L.B., a minor, a duty to exercise reasonable care in the investigation, detention, arrest, and use of force.

158. This duty arises under California law governing peace officers' conduct, including California

Penal Code § 835 (a), which requires that any use of force be objectively reasonable under the totality of the circumstances.

159. Defendants breached this duty by, among other acts and omissions, employing unreasonable and unsafe tactical decisions preceding the use of force, failing to utilize reasonable de-escalation measures, failing to intervene in the violation of constitutional rights, and ultimately using excessive and unnecessary force against L.B.

160. Defendants CITY, DEPARTMENT, CHIEF OLIVER COLLINS, and DOES 1-10 owed L.B. an independent duty of care to establish, implement, and enforce adequate policies, customs, practices, and training governing the detention and use of force against minors.

161. These Defendants breached that duty by maintaining policies, customs, and practices—including failures to train, supervise, and discipline officers—that created an unreasonable risk of harm and directly resulted in the unlawful detention and excessive use of force against L.B.

162. The acts and omissions of such Defendants were negligent and fell below the standard of care required of reasonable law enforcement agencies and officers, including but not limited to the following:

a. Failing to adequately train peace officers, including Defendants DAVID STARKEY and KYLE CARPENTER, regarding reasonable, lawful use of force and appropriate de-escalation tactics when interacting with minors;

b. Failing to properly evaluate and assess the circumstances before detaining, arresting, or using force against L.B., a minor, including failing to account for L.B.'s age, physical characteristics, and level of threat;

c. Wrongfully and negligently detaining and arresting L.B. and employing unreasonable and excessive force during that detention and arrest;

d. Failing to adequately supervise, monitor, and discipline officers, including Defendants DAVID STARKEY and KYLE CARPENTER, regarding the proper and lawful use of force and interactions with minors.

163. As a direct and proximate result of the negligent acts and omissions of Defendants, and other negligent conduct yet to be discovered, L.B. suffered serious physical injuries, pain and suffering,

emotional distress, and other damages according to proof. As a further proximate result of Defendants' conduct, L.B. endured severe mental anguish, trauma, and physical harm.

164. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 are vicariously liable for the injuries suffered by L.B. pursuant employees to the doctrine of *respondeat superior* and California Government Code § 815.2, because Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1–10 were acting within the course and scope of their employment at the time of the incident.

165. As a direct and proximate result of the unlawful acts and omissions of Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1–10, L.B. suffered injuries and damages as alleged herein. L.B. is therefore entitled to recover compensatory damages against all Defendants.

166. The conduct of Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1–10, was carried out with conscious disregard for the safety and rights of L.B. and constituted oppression, fraud, and/or malice within the meaning of California Civil Code § 3294, thereby entitling L.B. to recover punitive and exemplary damages.

167. WHEREFORE, Plaintiff L.B. prays for relief as hereunder appears.

## NINTH CLAIM FOR RELIEF

**Negligent Infliction of Emotional Distress**

**(Cal. Govt. Code § 829 and California Common Law)**

168. The allegations of the preceding paragraphs 1 to 78 are realleged and incorporated, to the extent relevant and as if fully set forth in this Claim.

169. Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1–10 owed Plaintiff L.B., a minor, a duty to exercise reasonable care in the investigation, detention, arrest, and use of force.

170. Defendants breached this duty by, among other acts and omissions, employing unreasonable and unsafe tactical decisions preceding the use of force, failing to utilize reasonable de-escalation measures, failing to intervene in the violation of constitutional rights, and ultimately using excessive and unnecessary force against L.B.

171. Defendants DAVID STARKEY and KYLE CARPENTER negligently and unlawfully caused physical injury to Plaintiff L.B. by employing unreasonable and excessive force during the detention and arrest of L.B. Specifically, Defendants tackled L.B., repeatedly forced him to the ground, and used unnecessary and excessive physical force to restrain him despite the absence of any immediate threat to officer safety or the public.

172. These acts, including the negligent tactical decisions and conduct preceding and during the use of force, fell below the standard of care required of reasonable peace officers and resulted in severe injuries to L.B., including but not limited to a traumatic brain bleed, lacerations, bruising, pain, suffering, and other physical trauma.

173. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 owed L.B. an independent duty of care to establish, implement, and enforce adequate policies, customs, practices, and training governing the detention and use of force against minors.

174. These Defendants breached that duty by maintaining policies, customs, and practices—including failures to train, supervise, and discipline officers—that created an unreasonable risk of harm and directly resulted in the unlawful detention and excessive use of force against L.B.

175. As a direct and proximate result of Defendants' conduct, Plaintiff L.B., who personally experienced and perceived the excessive force used against him, suffered severe emotional distress. L.B. experienced and continues to experience emotional injuries including, but not limited to, anguish, fright, shock, humiliation, anxiety, grief, and mental suffering.

176. The conduct of Defendants would foreseeably cause serious emotional distress to a reasonable person under the same circumstances. Being tackled, repeatedly slammed to the ground, and subjected to excessive force by law enforcement officers—particularly as a minor in a public setting and where the minor had not committed any crime and was not engaged in conduct justifying detention or arrest—would cause a reasonable person to suffer substantial emotional trauma.

177. Defendants CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10 are vicariously liable for the acts and omissions of their employees pursuant to the doctrine of *respondeat superior* and California Government Code § 815.2, because Defendants DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1–10 were acting within the course and scope of their employment at all relevant times, and their conduct proximately caused the injuries and damages suffered by Plaintiff L.B.

178. L.B. was injured as a direct and proximate result of Defendants DAVID STARKEY and KYLE CARPENTER's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants DAVID STARKEY and KYLE CARPENTER, CITY, DEPARTMENT, OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1-10.

## TENTH CLAIM FOR RELIEF

**Intentional Infliction of Emotional Distress**

**(Cal. Govt. Code § 829 and California Common Law)**

179. Plaintiff L.B. realleges and incorporates by reference each and every allegation contained in paragraphs 1 to 78 of this Complaint as though fully set forth herein.

180. The conduct of Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10 was extreme, outrageous, and exceeded all bounds of conduct tolerated in a civilized community. Defendants intentionally, or with reckless disregard of the probability of causing emotional harm, engaged in conduct including the unreasonable detention, tackling, and repeated slamming of L.B., a minor, to the ground and the use of excessive and unnecessary force during the encounter.

181. At all relevant times, Defendants DAVID STARKEY**,** KYLE CARPENTER**,** and DOES 1–10 were acting within the course and scope of their employment as peace officers employed by Defendants CITY and DEPARTMENT**.**

182. Defendants DAVID STARKEY**,** KYLE CARPENTER**,** and DOES 1–10 engaged in the foregoing conduct with the intent to cause emotional distress to L.B. or with reckless disregard of the

high probability that their conduct would cause such distress. As a direct and foreseeable result of Defendants' actions, L.B. suffered severe emotional distress, including but not limited to shock, humiliation, anxiety, fear, anguish, and lasting psychological trauma.

183. Defendants CITY and DEPARTMENT are vicariously liable for the acts and omissions of their employees pursuant to the doctrine of *respondeat superior* and California Government Code § 815.2, because Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10 were acting within the course and scope of their employment when they committed the acts described herein.

184. The conduct of Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10 was carried out with oppression, fraud, and/or malice within the meaning of California Civil Code § 3294, in that Defendants acted with a conscious disregard for the safety, rights, and well-being of L.B., a minor.

185. As a direct and proximate result of the acts and omissions of Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10, Plaintiff L.B. suffered damages including severe emotional distress and other damages according to proof.

186. Plaintiff L.B. is therefore entitled to recover compensatory damages against Defendants CITY, DEPARTMENT, CHIEF OLIVER COLLINS, DAVID STARKEY, KYLE CARPENTER, and DOES 1–10, and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10.

## ELEVENTH CLAIM FOR RELIEF

**Violation of Tom Bane Civil Rights Act**

**(Cal. Civil Code § 52.1)**

187. Plaintiff L.B. realleges and incorporates by reference each and every allegation contained in paragraphs 1 to 78 of this Complaint as though fully set forth herein.

188. California Civil Code § 52.1 prohibits any person from interfering, or attempting to interfere, by threats, intimidation, or coercion, with another person's exercise or enjoyment of rights secured by the Constitution or laws of the United States or the State of California.

189. Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10, acting under color of law as police officers for the CITY and DEPARTMENT, interfered with and attempted to interfere with L.B.'s constitutional rights through threats, intimidation, coercion, and physical violence.

190. Defendants DAVID STARKEY and KYLE CARPENTER unlawfully detained L.B. without reasonable suspicion and arrested L.B. without probable cause, thereby violating L.B.'s rights under the Fourth Amendment to the United States Constitution, as applied to state actors through the Fourteenth Amendment, and Article I, Section 13 of the California Constitution.

191. Defendants further violated L.B.'s constitutional rights by using unreasonable and excessive force against him. L.B. was an unarmed minor who posed no immediate threat to the safety of officers or others and who had committed no crime. Nevertheless, Defendants tackled L.B., repeatedly forced him to the ground, and used unnecessary and excessive physical force to restrain and arrest him.

192. The excessive force and unlawful arrest constituted coercion, threats, and intimidation within the meaning of the Bane Act because Defendants used physical violence and the authority of the state to compel L.B.'s compliance and to interfere with his constitutional rights.

193. Reasonable alternatives to the use of force were available to Defendants but were not employed. These alternatives included verbal communication, investigation before physical intervention, allowing L.B. an opportunity to comply with lawful commands, and employing de-escalation techniques appropriate when interacting with a minor. Defendants instead escalated the encounter and used substantial physical force against L.B.

194. As a direct and proximate result of Defendants' conduct, L.B. suffered serious physical and emotional injuries, including but not limited to a traumatic brain injury, lacerations, bruising, pain and suffering, emotional distress, and other damages according to proof.

195. The conduct of Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10 was intentional, reckless, oppressive, and carried out with a conscious disregard for L.B.'s constitutional rights.

196. Defendants CITY, DEPARTMENT, Police Chief OLIVER COLLINS, and DOES 1–10 maintained policies, practices, customs, departmental culture, and failures to adequately train,

supervise, and discipline officers, which were a moving force behind the violations of L.B.'s rights described herein.

197. Defendants CITY and DEPARTMENT are vicariously liable for the acts and omissions of their employees pursuant to the doctrine of *respondeat superior* and California Government Code § 815.2, because Defendants DAVID STARKEY and KYLE CARPENTER were acting within the course and scope of their employment when they committed the acts described herein.

198. The conduct of Defendants DAVID STARKEY, KYLE CARPENTER, and DOES 1–10 constituted oppression, fraud, and malice.

199. L.B. was injured as a direct and proximate result of Defendants DAVID STARKEY and KYLE CARPENTER's actions and inactions, entitling Plaintiff L.B. to receive compensatory damages against Defendants DAVID STARKEY and KYLE CARPENTER, CITY, DEPARTMENT, CHIEF OLIVER COLLINS, and DOES 1-10; and punitive damages against Defendants DAVID STARKEY, KYLE CARPENTER, OLIVER COLLINS, and DOES 1–10.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff L.B., a minor, through his guardian and mother, Desiree Rowden, requests entry of judgment in his favor and against Defendants CITY, DEPARTMENT, DAVID STARKEY, KYLE CARPENTER, TYLER KNIGHT, BRANDON SMITH, DAVID HEYNE, SCOTT BAILEY, CHRISTOPHER CHIMENTI, OLIVER COLLINS, and DOES 1–10, inclusive, as follows:

A. For compensatory damages in excess of $1,000,000, including general, special, and punitive damages under federal and state law, according to proof at trial;
B. For medical expenses;
C. For punitive damages against the individual defendants in an amount to be proven at trial;
D. For interest;
E. For reasonable costs of this suit and attorneys' fees;
F. For such further other relief as the Court may deem just, proper, and appropriate;
G. For treble damages under Civil Code Section 52.1.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Date: 3/13/26

Samantha Ting
Attorney for Plaintiff

Date: 3/13/26

David A. Anguiano
Attorney for Plaintiff